# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1345-17T2

NEW JERSEY DIVISION OF
CHILD PROTECTION AND
PERMANENCY,

     Plaintiff-Respondent,

v.

C.L.J.,

     Defendant-Appellant,

and

A.C.,

     Defendant.

_____

IN THE MATTER OF THE
GUARDIANSHIP OF A.Y.J.,

     a Minor.

_____

Submitted October 25, 2018 – Decided December 10, 2018

Before Judges Simonelli and Whipple.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Gloucester County, Docket No. FG-08-0047-17.

Joseph E. Krakora, Public Defender, attorney for appellant (Britt J. Salmon-Dhawan, Designated Counsel, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Nancy R. Andre, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minor (Meredith A. Pollock, Deputy Public Defender, of counsel; Toya Davis, Designated counsel, on the brief).

PER CURIAM

Defendant, C.L.J. (Cindy), appeals from an October 17, 2017 judgment of guardianship terminating her parental rights to her son, A.Y.J. (Amos).[1] We affirm substantially for the reasons set forth in Judge Mary Beth Kramer's comprehensive and well-reasoned written decision issued with the judgment.

The evidence is set forth in detail in the judge's decision. A summary will suffice here. Cindy has a long history with the Division of Child Protection and

---

[1] We use pseudonyms to protect the identity of the family. Because the parties have similar initials, this allows for ease of reference. In doing so we mean no disrespect.

Permanency (Division) beginning in her own childhood. Her older child, a daughter, resides with a resource family in Kinship Legal Guardianship, due to Cindy's history of instability, homelessness, substance abuse and incarceration. Amos was removed from Cindy's care after he was born at thirty-six weeks and tested positive for methadone. He was placed in a resource home where he remains today. Amos's father executed a general surrender of his parental rights to Amos and he is not part of this appeal. Cindy reported to the Division she is in a civil union with N.C.

Commencing on October 3, 2017, Judge Kramer conducted the guardianship proceeding. The Division presented the testimony of two witnesses, Amos's Division caseworker and Stacey M. Boyer, Psy.D., and entered the Division record into evidence. Cindy was incarcerated during the proceeding but was permitted to appear by telephone. Dr. Boyer opined that given her review of the record and based upon the bonding evaluations she conducted, Cindy posed multiple, significant parenting risks to Amos, who is autistic. Despite some efforts made by Cindy, these risks included unavailability for reunification due to incarceration, homelessness, substance abuse, instability and failure to complete services. Dr. Boyer determined Amos had a weak bond with Cindy. Amos's caregivers, in contrast, provided a stable environment and

3

Amos's behaviors demonstrated a strengthening positive attachment to his caregivers and termination of Cindy's parental rights would not do more harm than good. On October 17, 2017, after reviewing and carefully considering the evidence and testimony, Judge Kramer entered the judgment of guardianship, supplemented by a thorough, well-reasoned written decision explaining why she terminated Cindy's parental rights to Amos. This appeal followed.

Judge Kramer's opinion gave thoughtful attention to the importance of permanency and stability from the perspective of the child's needs, she found the Division had established by clear and convincing evidence the statutory grounds for termination of Cindy's parental rights. Furthermore, the judge found the Division had proven all four prongs of the best interests test, N.J.S.A. 30:4C-15.1(a), which, in the best interest of the child, permits termination of parental rights. In re Guardianship of K.H.O., 161 N.J. 337, 347-48 (1999). In this appeal, our review of the judge's decision is limited. We defer to her expertise as a Family Part judge, Cesare v. Cesare, 154 N.J. 394, 412-13 (1998), and we are bound by her factual findings so long as they are supported by sufficient credible evidence. N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007) (citing In re Guardianship of J.T., 269 N.J. Super. 172, 188 (App. Div. 1993)). We conclude the factual findings of Judge Kramer are fully

supported by the record and the legal conclusions drawn therefrom are unassailable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1345-17T2